USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FLATIRON HEALTH, INC.,

                Plaintiff,

     v.                                Case No. 1:19-cv-08999-VM-DCF

KENNETH CARSON, M.D.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND [PROPOSED] ORDER GOVERNING
## THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, Plaintiff Flatiron Health, Inc. ("Flatiron") and Defendant Kenneth Carson, M.D. ("Dr. Carson") (collectively, the "Parties," and each individually a "Party") request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of nonpublic and competitively sensitive information that they or subpoenaed third parties may need to disclose in connection with discovery in the above-captioned action (the "Action"), including, but not limited to, alleged trade secrets and similar proprietary information; personnel information; business strategies and product development plans; detailed financial data related to product revenue, pricing and cost; and customer product development strategies;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action,

IT IS HEREBY ORDERED that any person subject to this Order (the "Stipulated Protective Order"), including, without limitation, the Parties, their representatives, agents,

experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Stipulated Protective Order, will adhere to the following terms, upon pain of contempt:

## I. INFORMATION SUBJECT TO THIS STIPULATED PROTECTIVE ORDER

1. Each Party may designate as confidential for protection under this Stipulated Protective Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the producing Party or a third party to whom the producing Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

2. In determining the scope of the information which a Party may designate as its Protected Material, each Party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of this Action, and therefore agrees that designations of information as Protected Material and responses to requests to permit disclosure of Protected Material shall be made in good faith and not (a) to impose burden or delay on an opposing Party or (b) for tactical or other advantage in this Action.

3. With respect to documents, information or material designated with any confidentiality designation ("Designated Material") under this Stipulated Protective Order, subject to the provisions herein and unless otherwise stated, this Stipulated Protective Order governs, without limitation: (a) all documents, electronically stored information, and things, regardless of the medium or manner in which it is generated, stored, or maintained, as defined by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York; (b) answers to interrogatories and responses to requests for admission; (c) deposition testimony, transcripts and exhibits;

(d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries (other than in general terms) prepared from any Designated Material shall also be considered Designated Material and treated as such under this Stipulated Protective Order.

    4. "Confidential Information" shall mean Protected Material that the producing Party, or any Party to this Action and any third party producing information or material voluntarily or pursuant to a subpoena or a court order, believes is not publicly known, and which the producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, and that has been so designated by the producing Party. "Confidential Information" shall not include: (a) any information which at the time of disclosure to a receiving Party is in the public domain; (b) any information which after disclosure to a receiving Party becomes part of the public domain as a result of publication not involving a violation of this Stipulated Protective Order; (c) information that the receiving Party can show was lawfully in the receiving Party's possession prior to being designated as Protected Material in this Action and that the receiving Party is not otherwise obligated to treat as confidential; (d) information that the receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the receiving Party without restriction or obligation of confidentiality; (e) information that the receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing Party's Protected Material; or (f) information that was submitted to a governmental entity without a request for confidential treatment.

    5. "Highly Confidential" is defined as Protected Material that constitutes proprietary financial or technical or commercially sensitive competitive information that could cause

significant competitive harm if disclosed to an unauthorized person, including, but not limited to: trade secrets or other confidential research, development, technical, financial, or commercial information; pending but unpublished patent applications; information concerning research, development and other activities related to unreleased products; license agreements and other highly confidential technical, research and development and financial information; information obtained from a third party pursuant to a current Nondisclosure Agreement ("NDA"); information relating to current and future products not yet commercially released; strategic plans; technical documents that refer or relate to trade secrets; settlement agreements or settlement communications; sales data; customer lists; pricing or cost information; market research; proposed strategic transactions or business combinations; confidential regulatory materials. Protected Material shall constitute "Highly Confidential Information" only if it has been so designated by the producing Party after a good-faith determination that disclosure of the Protected Material is likely to cause harm to the competitive position of the producing Party.

## II. DESIGNATION OF PROTECTED MATERIAL

6. Any Protected Material meeting the criteria in Paragraph 4 for Confidential Information may be designated as such by the producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving Party. Information meeting the criteria in Paragraph 5 for Highly Confidential Information may be designated as such by the producing Party by marking it "HIGHLY CONFIDENTIAL" prior to or at the time copies are furnished to the receiving Party.

7. In the event that a Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Information or Highly Confidential Information, the Party shall insert the word "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL," as applicable, in brackets at the beginning of the specific answer or response.

8.  In the event a Party produces two or more identical copies of Protected Material and any copy is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" while the other copies are not so designated, all such identical Protected Material shall be treated as designated whichever of the conflicting designations affords the greatest protection. Any Party identifying such inconsistent designations shall notify all other Parties of the existence and production numbers or other identifying information of the improperly designated copies. The producing Party shall then promptly inform the Parties as to whether the documents are to be treated as containing Confidential Information or Highly Confidential Information and shall undertake to reproduce the document(s) at issue with the appropriate designation.

9.  At the request of any Party, the original and all copies of any deposition transcript (as well as any corresponding video recording) may be designated, in whole or in part, as Confidential Information or Highly Confidential Information, in the following manner:

   (a)  At any time during the deposition and at the request of any Party, the deposition transcript or a portion thereof shall be marked by the reporter with CONFIDENTIAL or HIGHLY CONFIDENTIAL. Any portions so designated shall thereafter be separated and treated in accordance with the terms of this Stipulated Protective Order.

   (b)  Any Party may designate a deposition transcript or a portion thereof (as well as any corresponding video recording) as containing Confidential Information or Highly Confidential Information, as appropriate, within 14 days after first receiving a

final copy of the same transcript from the deposition service by informing all other Parties in writing.

(c) All Parties shall treat an entire deposition transcript as containing Confidential Information until 14 days after first receiving a final copy of the same transcript from the deposition service.

10. All Designated Material not reduced to documentary, tangible, or physical form or that cannot be conveniently designated as set forth in Paragraphs 6, 7 and 9 shall be designated by the producing Party by informing the receiving Party of the designation in writing.

## III. LIMITATIONS ON THE USE OF DESIGNATED MATERIAL

11. Receiving Parties of Confidential Information or Highly Confidential Information under this Stipulated Protective Order may use such material solely for the prosecution and defense of this Action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding, absent consent from the producing Party. Nothing contained in this Stipulated Protective Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.

12. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and may testify concerning all Designated Material of which such person has prior knowledge.

13. Confidential Information may be disclosed only to the following persons:

(a) the Parties, including any officers, directors, employees or representatives of the Parties necessary to assist the Parties' respective outside counsel in the preparation and trial of this Action;

(b) in-house counsel for Tempus, Inc., provided that such persons first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A;

(c) outside counsel in this action (provided that any outside counsel who has not appeared in this case first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A) for the Parties and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including, but not limited to, attorneys, paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(d) outside persons (who are not employees of a Party) such as a proposed expert witness, outside consultant, or investigator, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this Action for the preparation of trial thereof, provided that such persons first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A;

(e) graphics, translation, design, jury and/or trial consulting services retained by a Party or counsel, provided, however, that if such persons are not employees of counsel, they must first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A;

(f) data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record or a Party to set up, maintain, and/or operate computer systems, litigation databases or to convert data for inclusions in such databases, provided that such persons first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A; and

(g) the Court, persons employed by the Court, mediators, and court reporters or videographers in this Action or any appeal therefrom;

(h) at a deposition, (i) any person who authored or previously received the Designated Material; (ii) subject to timely objection, including objection that such person is not internally authorized to receive such information, any person currently employed by the designating Party; and (iii) witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that such witnesses and attorneys first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A.

14. Highly Confidential Information may be disclosed only to the persons designated in Paragraph 13(c)-(h).

15. Whenever a Party seeks to file with the Court any Designated Material or any papers containing or revealing such information (including, but not limited to, any pleading, motion, brief, letter, affidavit or stipulation), the proposed filing shall be preceded by an application to the Court to file the papers or the portion thereof containing the designated information or documents (if such portion is severable) under seal. To the extent it does not conflict with the Court's order in response to an application to file Designated Materials under seal, the filing Party shall contemporaneously (i) file redacted copies of all papers, (ii) submit unredacted copies of such papers to the Court, and (iii) serve upon the other Parties unredacted copies of such papers.

16. Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material or information obtained by such Party or witness independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

IV. **INADVERTENT DISCLOSURE**

17. Inadvertent or unintentional production of documents or information containing Designated Material that are not designated as such shall not be deemed a waiver, in whole or in

part, of a claim for confidential treatment. If a producing Party inadvertently discloses or produces any information that it deems to be Designated Material without so designating the information, the producing Party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving Party in writing. The receiving Party shall thereafter treat the Designated material as if it has always been so designated under this Stipulated Protective Order. To the extent that such information may already have been disclosed to persons not authorized to see the Designated Material, the receiving Party shall make every reasonable effort to retrieve the information promptly from such persons and to limit any further disclosure to unauthorized persons, and obtain a signed copy of the Confidentiality Agreement, appended hereto as Exhibit A, from those persons.

18. In the event of any disclosure of any Designated Material to a person or persons not authorized to receive such information under this Stipulated Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify the producing Party and provide all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for having made such disclosure shall also promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

19. The inadvertent production in discovery of any attorney-client privileged or otherwise protected or exempted information, including materials subject to protection under the work product doctrine, the common interest doctrine or agreements, or other applicable immunities, shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the producing Party shall immediately notify the

receiving Party in writing when inadvertent production is discovered. Within 10 business days of receiving written notice from the producing Party that privileged or protected information has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing Party by the receiving Party. The receiving Party may only challenge the designation of the inadvertently produced information by moving for a Court order compelling production of that material. In making such a motion, the receiving Party may not cite or otherwise rely on the content of the inadvertently produced information. Any motion brought pursuant to this Paragraph will be made in strict compliance with Local Rule 37.2 and Section I(C) of the Individual Practices of Magistrate Judge Debra Freeman.

## V. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

20. The Parties will use reasonable care when designating Protected Material as Designated Material. Nothing in this Stipulated Protective Order shall prevent a receiving Party from contending that any or all documents or information designated as Designated Material have been improperly designated. A receiving party may at any time request that the producing Party cancel or modify the Designated Material designation with respect to any document or information contained therein.

21. Any Party shall not be obligated to challenge the propriety of a Designated Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing Party, must recite that the challenge to a Designated Material designation is being made in accordance with this specific Paragraph, shall identify with particularity the documents or information that the receiving Party contends should be differently designated, and shall describe with particularity the basis for the challenge. The Parties shall use their best efforts to resolve any disputes promptly and informally, and must begin the meet-and-confer process within 7 days

of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the Designated Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If agreement cannot be reached, the challenging Party may request that the Court cancel or modify a Designated Material designation. Any motion brought by a challenging Party pursuant to this Paragraph will be made in strict compliance with Local Rule 37.2 and Section I(C) of the Individual Practices of Magistrate Judge Debra Freeman, and may be brought only if the challenging Party has engaged in the meet and confer process first or establishes that the designating Party is unwilling to participate in the meet and confer process in a timely manner.

## VI. MISCELLANEOUS PROVISIONS

22. Within 60 days after the entry of a final, non-appealable judgment or order resolving claims against any Party (a "Terminated Party"), or the complete settlement of all claims asserted against any Terminated Party, each receiving Party must return all Designated Material to the producing Party or destroy such material. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Designated Material. Whether the Designated Material is returned or destroyed, the receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and (2) affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Designated Material. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Stipulated Protective Order.

23. After termination of this Action, the provisions of this Stipulated Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of Designated Material for enforcement of the provisions of this Stipulated Protective Order following termination of this litigation.

24. This Stipulated Protective Order shall be binding upon the Parties and their attorneys, successors, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

25. This Stipulated Protective Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

26. Until such time as this Stipulated Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, the Stipulated Protective Order will be treated as though it has been "So Ordered."

27. All disputes concerning Designated Material produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the Southern District of New York.

28. Nothing in this Stipulated Protective Order is intended to or should be construed as authorizing a Party to disobey a lawful subpoena issued in another action. In the event any

receiving Party in this Action having possession, custody, or control of any Designated Material receives a subpoena, request for production of documents, or other process or demand to produce such material in another legal proceeding from a non-party to this Action, such receiving Party shall: (i) give notice of the subpoena, request for production of documents, or other process or order to counsel for the producing Party (or the designating Party if a different person or entity) that designated the Protected Material as Confidential Information or Highly Confidential Information, and (ii) furnish that counsel with a copy of said subpoena, request for production of documents, or other process or order. The Party receiving the subpoena, request for production of documents, or other process or demand shall notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all of the material covered by the request is subject to this Stipulated Protective Order, and provide a copy of the Stipulated Protective Order to the issuing entity or individual. The producing Party shall bear the burden and expense of seeking protection of the Designated Material. If the producing Party whose Designated Material might be affected timely seeks a protective order to prevent production of the Designated Material, the Party served with the subpoena or court order shall not oppose the entry of such protective order (without prejudice to a Party's rights under the instant Stipulated Protective Order to challenge the propriety of the confidentiality designations of the requested information) and shall not produce any Designated Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the producing Party's written consent.

29. By stipulating to entry of this Stipulated Protective Order, no Party waives any right it otherwise would have had to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any

right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

30. This Stipulated Protective Order is intended to regulate the disclosure and handling of all Protected Material during the pendency of this Action. This Stipulated Protective Order does not govern the use of Protected Material at trial. Rather, the use of Protected Material at trial shall be governed by the orders of the trial judge. If a Party intends to introduce at trial exhibits containing Protected Material, the Parties will meet and confer to determine whether the exhibits should be sealed. *If they agree that exhibits should be sealed, they shall make an application for sealing to the trial judge.* If the Parties cannot reach agreement that a particular exhibit does not need to be sealed, the exhibit will be presumptively available to all members of the public, including the press, unless the designating Party files a motion to seal and obtains an order sealing the exhibit. The motion shall be made in advance of trial and set forth compelling reason supported by specific facts. If a Party files a motion to seal, the Parties will not make the exhibit available to the public unless and until the Court denies the motion. This Stipulated Protective Order shall otherwise remain in full force and effect and survive the termination of this Action, unless or until it is modified, superseded or terminated on the record by agreement of the Parties or by order of this Court.

Dated: New York, New York
December /2, 2019

_____
Honorable Debra Freeman
United States Magistrate Judge

14

Dated: New York, New York
December 10, 2019

Respectfully submitted:

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | COVINGTON & BURLING LLP |

*/s/ Scott D. Musoff*
Scott D. Musoff
Julie E. Cohen
Four Times Square
New York, New York 10036
Tel.: (212) 735-3000
Fax: (212) 735-2000
scott.musoff@skadden.com
julie.cohen@skadden.com

*Attorneys for Defendant*
*Kenneth Carson, M.D.*

*/s/ Robert P. Haney, Jr.*
Robert P. Haney, Jr.
Teresa T. Lewi
Jordan S. Joachim
620 Eighth Avenue
New York, New York 10018
Tel.: (212)-841-1000
Fax: (212) 841-1010
jjoachim@cov.com
rhaney@cov.com
tlewi@cov.com

*Attorneys for Plaintiff*
*Flatiron Health, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
FLATIRON HEALTH, INC.,            :
                                  :
                   Plaintiff,     :
                                  :
       v.                         :   Case No. 1:19-cv-08999-VM-DCF
                                  :
KENNETH CARSON, M.D.,             :
                                  :
                   Defendant.     :
------------------------------ x

## CONFIDENTIALITY AGREEMENT

I hereby affirm that:

"Designated Material," as defined in the Stipulated Protective Order entered in the above-captioned action (the "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Designated Material disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all Designated Material in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Designated Material, are to be returned to counsel who provided me with such documents and materials.

Executed on _____

_____
[printed name]


_____
[signature]