```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                :
                                      :   Docket #1:19-cv-08999-
 FLATIRON HEALTH, INC.,               :   VM

               Plaintiff,             :

  - against -                         :

 TEMPUS, INC., et al.,                :   New York, New York
                                          December 3, 2019
               Defendants.            :
                                          TELEPHONE CONFERENCE
--------------------------------------:

                      PROCEEDINGS BEFORE
            THE HONORABLE JUDGE DEBRA C. FREEMAN,
      UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:           COVINGTON & BURLING
                         BY:  JORDAN S. JOACHIM, ESQ.
                              ROBERT HANEY, ESQ.
                         620 8th Avenue -  42nd Floor, #4204A
                         New York, New York 10018
                         212-841-1000

For the Defendants:      SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM LLP
                         BY:  SCOTT D. MUSOFF, ESQ.
                              JULIE E. COHEN, ESQ.
                         Four Times Square
                         New York, New York 10036
                         212-735-3000




Transcription Service:   Carole Ludwig, *Transcription Services*
                         155 East Fourth Street, #3C
                         New York, New York 10009
                         Phone:  (212) 420-0771

Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
 1                         PROCEEDINGS                          3
 2            HONORABLE DEBRA C. FREEMAN (THE COURT):    Hi.
 3   This is Judge Freeman.  They finally have you on.  All
 4   right.  Who do I have on plaintiff's side?
 5            MR. ROBERT HANEY:  For plaintiff, Robert Haney and
 6   Jordan Joachim from Covington & Burling.
 7            THE COURT:  Okay.
 8            And on defendants' side?
 9            MR. SCOTT MUSOFF:  Good afternoon, your Honor.
10   You have Scott Musoff and Julie Cohen from Skadden Arps.
11            THE COURT:  Okay.  So taking a step back for a
12   second, Judge Marrero filled me in about what this case is
13   about.  He filled me in as to why he was looking for as
14   early a trial date as possible.  He thought you might have
15   some difficulty agreeing on a trial date, and so he
16   referred it to me to see if I could help keep the waters
17   smooth and, you know, help come up with a viable plan.
18            Then you wrote to him and you gave him a range of
19   dates that you thought would work.  And he reported to me
20   that he has a criminal trial scheduled at that time, and
21   that, I guess, is the first week in February; and he's not
22   going to be able to move that trial, and so he cannot
23   actually do a trial in February.  And he asked me whether,
24   if the parties were to consent, which is something that I
25   don't push for, but he was thinking of bringing it forward,
```

```
 1                          PROCEEDINGS                        4
 2   he asked me if I would be able to try the case at that
 3   time.  As of now the answer is no because I'm also
 4   scheduled to be on trial at that time, although the trial
 5   that I have might possibly be something that could be
 6   moved.  It's a civil trial, not a criminal trial, and it's
 7   not a lengthy one.  And even if I couldn't move it, I might
 8   have some time, maybe the following week, when I could help
 9   you out if you wanted to do that.
10             So that's the first lay-of-the-land issue there.
11   And I wanted to talk through with you what the options are
12   for trial.  He told me that he will not -- you know, after
13   January, he will not have any time where he could try the
14   case until mid-March, but he's very cognizant of the fact
15   that he issued the preliminary injunction, and he doesn't
16   want, you know, the plaintiff to effectively have the
17   relief it's seeking simply by having this trial occur so
18   late in the game.
19             I also asked him whether he thought the case might
20   be capable of being settled, whether it might be possible
21   to get the case settled.  I gather you were in some sort of
22   settlement conference at the circuit level yesterday.  I
23   don't know how substantial that was or whether that -- like
24   it might be going anywhere or anything.  But that's on my
25   agenda to raise with you, as well, because obviously if you
```

```
 1                         PROCEEDINGS                         5
 2   can manage to resolve this case, and let's say several
 3   civil cases are -- you know, can be settled, then you don't
 4   have to worry about a trial date.  So I wanted to get a
 5   sense from you as to whether you thought it might be
 6   possible, you know, whether it has to be an all-or-nothing
 7   sort of scenario and, you know, whether I can help you on
 8   that front.
 9              And then, you know, anything else that you have on
10   your potential list of things to discuss with me, I'm here
11   and available to hear from you.
12              MR. MUSOFF:  Thank you, Judge Freeman.  This is
13   Scott Musoff for the defendant, Dr. Carson.  In terms of
14   yesterday, I think it was not successful, and perhaps at
15   this stage just leave it at that.
16              In terms of trial dates --
17              THE COURT:  Let me just ask you.  I mean, it's
18   been a long time since I went to a Second Circuit mediation
19   session on, you know, when there was an appeal pending.  I
20   mean, I've been on this bench for a lot of years now.  But
21   my recollection was that it's not quite the same thing as,
22   you know, as having a, you know, several-hour, several-
23   minute conference with a magistrate judge and sort of
24   really leaning into it and exploring all the options.  So
25   I'm also not sure whether you honestly think the case
```

```
 1                        PROCEEDINGS                        6
 2   cannot be settled or whether just yesterday was not
 3   successful.
 4            MR. MUSOFF:  This is Scott again.  I agree with
 5   your characterization process-wise 100%.  I've had much
 6   more success with magistrate judges in the Southern
 7   District than I have ever had at a Second Circuit cam-
 8   conference, not to say that they may in certain cases be
 9   effective, but I agree with you.
10            I would defer perhaps to the plaintiff on the
11   question about whether another session would be productive,
12   but I agree a telephonic cam-conference wasn't necessarily
13   the most --
14            THE COURT:  It was telephonic, too?
15            THE COURT:  Yes.  That's not necessarily the
16   recipe for how to settle a difficult case.
17            MR. HANEY:  Your Honor, this is Robert Haney.  My
18   own instinct is it's probably worth a try at some point.  I
19   suspect both sets of clients are moving up the learning
20   curve as to what a trial in January is going to look like
21   or whenever it occurs.  And maybe in a couple of weeks it
22   would make sense to come in, having just gone through, even
23   though it was not in person, it was a three-hour session
24   and there was actually a fair amount of discussion that
25   took place.  It didn't really lead to any progress, but
```

```
 1                          PROCEEDINGS                        7
 2    maybe after a break, having a session where the parties
 3    come in and have a discussion with your Honor might be
 4    productive.
 5             THE COURT:  Yes.  Talk to me a little bit about
 6    this case.  I know there's a non-compete.  You know, if the
 7    case were settlable, you know, where might there be some
 8    give somewhere for compromise?  I said, you know, all or
 9    nothing is hard, but it doesn't necessarily have to be
10    that.
11             MR. MUSOFF:  This is Dave Musoff.  Can I talk
12    about what we were talking about yesterday --
13             THE COURT:  Well, I have the case for general
14    pretrial supervision, which includes things like helping
15    the parties with settlement.  And we don't have to have
16    this in an on-the-record call.  I do have recording
17    equipment so that you can have a transcript if you want
18    with any conference we have in chambers, but I'm happy to
19    pause it and hear from you confidentially about settlement
20    positions.
21             MR. MUSOFF:  That would be okay with me.
22             MR. HANEY:  And that would be fine, as well.
23             THE COURT:  Okay.
24             (Whereupon, the matter is adjourned.)
25
```

```
                                                                    8
```

### C E R T I F I C A T E

     I, Carole Ludwig, certify that the foregoing transcript of proceedings in the case of Flatiron Health, Inc. v. Tempus, Inc. et al, Docket #19-cv-08999-VM was prepared using digital transcription software and is a true and accurate record of the proceedings.


Signature_____*Carole Ludwig*_____

              Carole Ludwig

Date:    March 16, 2020